IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK


Robbie Mouzon
Reg. No.21670-021
FCI Otisville
P.O.Box 1000
Otisville,N.Y.10963

        Plaintiff,


        v.                                Civil Action No.


UNITED STATES OF AMERICA, et al, ;       (FTCA, BIVENS,)

U.S. DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF PRISONS,
320 First Street, N.W.
Washington, D.C. 20534;

Carlett Peters, BOP Director,
320 First Street, N.W.
Washington, D.C. 20534



A. Boncher, Regional Director,
N.E. Region U.S. Customshouse
2nd & Chestnut Street 7th Floor
Philadelphia,PA. 19106

B. Reese
Chief Internal Affairs Dir.
320 First Street, N.W. Washington,
D.C. 20534, Room 600

J. Jamison Warden
FCI Otisville
P.O.Box 600
Otisville,N.Y.10963

FNU Rossi Safety Manager
FCI Otisville
P.O.Box 600
Otisville,N.Y.10963

FNU Keahon (CMS)
FCI Otisville
P.O.Box 600
Otisville,N.Y.10963

FNU Churchill (CMS) Supervisor
FCI Otisville
P.O.Box 600
Otisville,N.Y.10963

Ellen Leibson Mace Clinical Director
FCI Otisville
P.O.Box 600
Otisville,N.Y.10963

                                        Defendants.

                        COMPLAINT WITH JURY DEMAND

## INTRODUCTION

This is a civil action by Robbie L. Mouzon, a federal prisoner, for damages and injunctive relief which alleges injury and denial of medical attention failure to train, failure to protect, negligence. These allegations are in violation of the fifth amendment right(s) to due process and equal protection, Eighth Amendment Right to be free from cruel and unusual punishment, and State tort Law.

## JURISDICTION

1. This Court has jurisdiction over plaintiff's claims of the violations of constitutional and statutory rights under 28 U.S.C. § 1331, and § 2680; 42 U.S.C. § 1981, 1983, § 1985 and § 1986.

## PARTIES

2. Plaintiff, Robbie L. Mouzon, was and continues to be incarcerated at the time of the of this complaint at FCI Otisville N.Y. during the events described in complaint.

3. Defendant, United States is sued under statutory and tort law.

4. Carlett Peters, BOP Director, she is a employee of the BOP and are sued in her official individual capacity.

5. A. Boncher, Regional Director, she is an employee of the BOP and are sued in her official individual capacity.

6. B. Reese Chief Internal Affairs Director, she is an employee of the BOP and are sued in her official individual capacity.

7. J. Jamison Warden, he is an employee of the BOP and are sued in his official individual capacity.

8. FNU Rossi Safety Manager, he is an employee of the BOP and are sued in his official individual capacity.

9. FNU Keahon (CMS), he is an employee of the BOP and are sued in his official individual capacity.

10. FNU Churchill (CMS) Supervisor, he is an employee of the BOP and are sued in his official individual capacity.

11. Ellen Leibson Mace Clinical Director, she is an employee of the BOP and are sued in her official individual capacity.

## FACTS

### INJURY

12.. On 3-16-23 Plaintiff was severly injured on detail with construction #4.. The Plaintiff was removing sheet metal with no (PPE) personal protective equipment, per orders of (CMS) Keahon.. Which resulted in the laceration of left 5th finger

cut through 80% of finger and a fractured bone.. Also fourth finger disfigured from crowbar..

13.. Plaintiff was taken to medical and then rushed to the emergency room, where hand surgery was performed to repair the damage.. The diagnosed open fracture of tuft of distal phalanx of finger.

14. Plaintiff was returned to FCI Otisville with a treatment plan from orthopetic surgeon.

15.. The Plaintiff then begun his task of trying to get his BP-140 injury report done, so he could begin his administrative exhaustion.

16.. On 4-6-23 (safety manager) Rossi, (CMS) Supervisor Churchill and the Warden met to discuss the Plaintiff's injury.. It was agreed upon to advise Staff in (CMS) to ensure inmates are utilizing proper (PPE) for the tasked being performed..

17. All defendants should make sure that this rule is in place, before any inmate goes out to perform these dangerous details..

18.. Safety Manager (Rossi (CMS) Supervisor, (CMS) Keahon all knew of the danger of working with sheetmetal without (PPE) due to the fact (CMS) is O.S.H.A. certtified. Safety Manager (Rossi states on the BP-9 form that (PPE) was available but not used dated 3-21-23.

19. On Plaintiffs injury report dated 4-6-23 the prevention (PPE) safety gloves, done by (CMS) Keahon who clearly noted that Plaintiff needed (PPE).

## FAILURE TO TRAIN

20. .

1. Safety Manager Rossi, CMS Supervisor Churchill, failed to properly train (CMS) Keahon. 2. He didn't follow O.S.H.A. regulations on safety 101 (head eyes hand & feet) placing plaintiff in harms way. 3. He didn't know to inform (CMS) Supervisor Churchill or safety manager of the plaintiff injury. 4. He didn't know he had to submit a BP-140 injury report to explain what happened.

2. All defendants fall below standard. Due to the fact, these details are visited by the Staff and the Regional Staff on a regular basis.

## DELIBERATE INDIFFERENCE

21. .

1. Defendant knew of the dangers of working without PPE. This is more than mere negligence, because this is common sence safety 101. head, eye, hand, feet, due to the fact, CMS, safety knew that PPE was needed, but placed plaintiff in harms way.

2. The Defendants reasonable response was to advise all (CMS) Staff to provide (PPE) to all inmates after the plaintiff was severly injured.

4.

## MEDICAL CARE

22.

1. The 8th Amendment gives inmates the right to adequate care. Medical knew of my injury and provided me with adequate care with my surgery, but became negligent on my follow up.

2. The plaintiff Clinical Director Mace Delay in my medical treatment falls below adequate care. Due to the fact when she denied my follow-up that was already approved and which is standard procedure after surgery.

3. The delay by Defendant violates the constitution due to the fact I now have nerve damage. My finger is numb and I was told by Otisville medical Staff that my feeling could come back or not, but none of the Staff, including Director Mace, is a specialist to give this diagnosis which could result in a lifelong handicap or permanent loss, with the interference of my prescribed treatment.

4. The Plaintiff consultation/Procedure
1. Hand surgery 2. target date 4-7-23, 3. Priority/urgent
2. Pe: left hand distaltip of minor digit 80% cut off through nail bed. Distal Sensation Decreased.

3. Administrative Note: recommended follow up with orthopetic hand surgeon for open tuft fracture. Will also need sutures removed.

4. The 8th Amendment gives the right to adequate care. Officials have a duty to provide care (Estelle v. Gamble "1976" failure to provide treatment deny or delay access to medical care or intentionally interfere with proscribed treatment.

## FEDERAL TORT CLAIM ACT

23. Plaintiff filed a tort claim: claim#trt-ner-2023-07712 concerning the injury he suffered from the negligence and deliberate indifference on 3-16-23.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

24. Plaintiff has exhausted his administrative remedies with respect to all claims, that were available.

## CLAIMS FOR RELIEF

25. The actions of safety manager Rossi, CMS Supervisor Churchill, CMS Keahon in the prevention of the plaintiffs injury are a direct result of negligence, deliberate indifference, failure to train, failure to protect in violation of 8th Amendment Right to be free from cruel and unusual punishment, and state tort law.

26. The failure of the U.S. Department of Justice, and all Defendants in there official capacity. Fall under the scope of negligence and deliberate indifference when they fall below the safety standards of O.S.H.A. When they don't protect the safety of prisoners that contributed to and proximately caused the injury and above violation of the 8th Amendment.

5.

A.. <u>Issue A Declaratory Judgment Stating That</u>

1.. The injury of Plaintiff by the negligence and deliberate indifference of safety manager Rossi, (CMS) Supervisor Churchill, (CMS) Keahon violated the Plaintiffs Rights Under the 8th Amendment..

2.. The denial of the follow up medical attention which was prescribed by the Orthopetic Specialist and denied by Clinical Director Mace is a clear case of Deliberate Indifference and failure to provide adequate medical care. Which is a 8th Amendment Violation Estelle v.. Gamble "1976"!

B. <u>Issue An Injunction Ordering That The BOP</u>:

1. Provide Plaintiff with the proper treatment (follow up appointment with Orthopetic Hand Surgeon!

2.. Order BOP Regional Tort Claim Division to reconsider the Plaintiff tort claim #TRT-NER-2023-07712.. Do to the fact plaintiff can clearly show injury and exhaustion of remedies.

C. <u>Award Compensatory And Punitive Damages</u>:

1. 150,000 in total against defendants for the deliberate indifference and negligence that resulted in plaintiffs injury.

2. When it is as clear as the nose on your face that if the defendants safety manager Rossi:, (CMS) Supervisor Churchill, (CMS) Keahon would have taken the proper protocol of safety and O.S.H.A. safety regulations, simple (PPE) the Plaintiff would not have sustained his injury.

D. <u>Grant Such Relief As It May Appeal</u>

That Plaintiff is entitled, and that he not recieve any retaliation actions in the form of the sudden seizure of his person and/or property, and that he is not "SetUp" e.g., By planting a weapon or other contraband into his cell or on his person, or that any "false disciplinary charges are placed upon him in retaliation for this claim.

Respectfully Submitted,

Robbie Mouzon
Reg. No. 216/0021
FCI Otisville
P.O.Box 1000
Otisville,N.Y.10963

Robbie Mouzon#21670-021
FCI Otisville
P.O.Box 1000
Otisville,N.Y.10963

December 12, 2023

Clerk of Court
300 Quarropas Street
White Plains, N.Y.10601

RE: Initial Filing Of Civil Action

Dear Clerk:

Enclosed for filing is a civil Complaint Pursuant To The Federal Tort Claims Act and Bivens. Enclosed also find an Application To Proceed Without Prepaying Fees or Cost. I have enclosed a copy of the complaints captioned page. Please file stamp and return in the enclosed SASE. Please advise me if there are any issues regarding my filing that need corrections.

Thank you for your service.

Sincerely,

Robbie Mouzon



RECEIVED
DEC 14 2023
U.S.D.C.



RECEIVED
DEC 14 2023
...GE OFFICE