UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBBIE MOUZON,

                            Plaintiff,

              -against-

UNITED STATES OF AMERICA; U.S.
DEPARTMENT OF JUSTICE, BUREAU OF
PRISONS; CARLETT PETERS, BOP
DIRECTOR; A. BONCHER, REGIONAL
DIRECTOR; B. REESE, CHIEF INTERNAL
AFFAIRS DIR.; J. JAMISON, WARDEN; FNU
ROSSI, SAFETY MANAGER; FNU KEAHON,
CMS; FNU CHURCHILL, CMS SUPERVISOR;
ELLEN LEIBSON MACE, CLINICAL
DIRECTOR,

                            Defendants.

**ORDER OF SERVICE**

23-CV-10911 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who currently is incarcerated at FCI Otisville, brings this action, *pro se*, under

*Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and the Federal Tort Claims Act

("FTCA"), alleging that Defendants' negligence, failure to train, and failure to protect caused

Plaintiff to be severely injured, and that Defendants denied Plaintiff adequate medical attention for

his injuries. By order dated March 1, 2024, the court granted Plaintiff's request to proceed *in forma*

*pauperis* ("IFP"), that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**DISCUSSION**

A.    U.S. Department of Justice, Bureau of Prisons ("BOP")

Plaintiff's claims against the BOP must be dismissed. The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against federal agencies, unless sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

The Court therefore dismisses all claims brought against the BOP under the doctrine of sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

B.    Service on Remaining Defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants the United States of America; Carlett Peters, BOP Director; A. Boncher, Regional Director; B. Reese, Chief Internal Affairs Dir.; J. Jamison, Warden; FNU Rossi, Safety Manager; FNU Keahon, CMS; FNU Churchill, CMS Supervisor; and Ellen Leibson Mace, Clinical Director, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that the summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued.

("USM-285 form") for Defendants. **Because these defendants are federal defendants, the Clerk of Court is further instructed to mark the box on the USM-285 forms labeled "Check for service on U.S.A."** The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against the BOP under the doctrine of sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

The Clerk of Court is instructed to issue summonses for the United States of America; Carlett Peters, BOP Director; A. Boncher, Regional Director; B. Reese, Chief Internal Affairs Dir.; J. Jamison, Warden; FNU Rossi, Safety Manager; FNU Keahon, CMS; FNU Churchill, CMS Supervisor; and Ellen Leibson Mace, Clinical Director, complete the USM-285 forms with the addresses for these Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service. **Because these defendants are federal defendants, the Clerk of Court is further instructed to mark the box on the USM-285 forms labeled "Check for service on U.S.A."**

The Clerk of Court is further directed to mail a copy of this order to Plaintiff, together with an information package.

4

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   White Plains, New York
         March 8, 2024

_____
PHILIP M. HALPERN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1.      United States of America

        United States Attorney General, Southern District of New York
        Civil Division
        86 Chambers Street, Third Floor
        New York, New York 10007

        Attorney General of the United States
        950 Pennsylvania Avenue, N.W.
        Washington, D.C. 20530-2000

2.      Carlett Peters, BOP Director
        320 First Street, N.W.
        Washington, D.C. 20534

3.      A. Boncher, Regional Director
        N.E. Region U.S. Customshouse
        Second & Chestnut Street, 7th Floor
        Philadelphia, PA 19106

4.      B. Reese, Chief Internal Affairs Dir.
        320 First Street, N.W.
        Room 600
        Washington, D.C. 20534

5.      J. Jamison, Warden
        FCI Otisville
        P.O. Box 600
        Otisville, N.Y. 10963

6.      FNU Rossi, Safety Manager
        FCI Otisville
        P.O. Box 600
        Otisville, N.Y. 10963

7.      FNU Keahon, CMS
        FCI Otisville
        P.O. Box 600
        Otisville, N.Y. 10963

8.      FNU Churchill, CMS Supervisor
        FCI Otisville
        P.O. Box 600
        Otisville, N.Y. 10963

9.      Ellen Leibson Mace, Clinical Director
        FCI Otisville
        P.O. Box 600
        Otisville, N.Y. 10963